LMcMANUS, J.,
dissenting with reasons.
As reluctant as I am to disagree with both the trial court and the majority in this matter, I cannot agree that the record supports a finding that the property in question has been dedicated to public use as a street.
The strip of land in question is an area of some ninety feet in length which is bordered on three sides by private property. It is described by most witnesses as a “spur” of Myrtle Street. Less than half of the strip is paved, and the surface of the pavement bleeds along a jagged and partially buried line into an area of mud and grass. There are no lane markers on the blacktop, which is very deteriorated, and there are no markings whatever to separate the muddy area of the spur from the yards of the adjoining property owners.
My disagreement with the majority arises over whether the facts of this situation show compliance with LSA-R.S. 33:5051: the statute requires some sort of acceptance of the transfer of the property in question, by the public body in question, to perfect the public dedication, and I can’t *627 see that this acceptance was ever perfected here.
I can’t see that the parish ever formally accepted the “spur,” as required by LSA-R.S. 33:5051C(l)-the trial judge himself referred to a dedication of a portion of Myrtle St. pursuant to the police jury resolution of December 1953.
Nor can I see that the parish ever assumed maintenance of the “spur,” which would have provided compliance with LSA-R.S. 33:5051C(2). There was uncon-tradicted testimony that the “spur” was partially paved by the parish, at Thomas Champagne’s request, to allow use of the strip as a driveway. Additional testimony regarding maintenance of the “spur” disclosed installation of other public services along the strip. And I cannot find that maintenance of these other services, none of which involves actual maintenance of the surface of the “spur,” would satisfy the requirement that the parish maintain the road.
Therefore, for the above reasons, I respectfully dissent.